STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF IREDELL                     SUPERIOR COURT DIVISION
                                                    18-CVS- 2330

ELIDIO GARCIA and CLAUMAR    )
EXPRESS, INC.                              )
                                                    )
                                                    )
                                                    )
                                                    )
                    Plaintiff,               )           COMPLAINT
                                                    )      JURY TRIAL DEMANDED
                                                    )
                                                    )
        V.                                       )
                                                    )
ONEBEACON SERVICES, LLC,     )
ATLANTIC SPECIALTY INSURANCE )
COMPANY, BRENTWOOD SERVICES )
ADMINISTRATORS, INC., and *JOHN* )
*DOE CORPORATION*                )
                                                    )
                                                    )
                    Defendants.          )

NOW COMES Plaintiff, Elidio Garcia, by and through his counsel, complaining of defendant alleges and states:

## INTRODUCTION

1.      The Plaintiff brings the unfair and deceptive trade practices claim to recover damages caused by the defendant when defendants denied plaintiff's valid claim for occupational accident coverage and benefits arising from an automobile collision.

2.      That Atlantic Specialty Insurance Company is the underwriting company that issued the policy to Transportation Industry Trust.

3.      The participating organization was Dunavant Trans Gulf Transportation, LLC; Dunavant Sea Lane Express, LLC.

4.      The line of insurance is Occupational Accident.

5.      The date of the accident given rise to the incident was September 18, 2014.

1


DEFENDANT'S EXHIBIT B

17. OneBeacon Services, LLC and Atlantic Specialty Insurance Company hereinafter referred to as "OneBeacon."

18. Upon information and belief, John Doe is a corporation whose true name or names are unknown.

## FACTUAL ALLEGATIONS

19. Upon information and belief, the Policy was in full force and effect as of September 18, 2014, and was assigned a policy number of 216-000-825.

20. Upon information and belief, Defendant OneBeacon has paid occupational accident benefits totaling $568.48 under OneBeacon's claim number OAB105275.

21. On or about September 18, 2014 at approximately 6:46 a.m., Plaintiff was the operator of a 2002 Nissan passenger vehicle, with vehicle identification number of 1N4AL11D12C702208 ("Plaintiff's vehicle"), which Plaintiff drove in a southernly direction on Interstate 77.

22. Plaintiff was traveling in the far-right lane of Interstate 77.

23. Upon information and belief a 2000 Honda with vehicle identification number 2HGEJ6615YH508818 driven by Jennifer Gordon Sanders attempted to merge into the Plaintiff's lane of travel and collided with Plaintiff's vehicle.

24. Upon information and belief, Jennifer Gordon Sanders was charged with Unsafe Lane Change by North Carolina Trooper B.A. Kenter of the North Carolina State Highway Patrol.

25. As a result of the collision, Plaintiff sustained severe, painful injuries to his person, including but not limited to the following:

    a. Back pain; and
    b. Back compression fracture.

26. Plaintiff also sustained property damage to his vehicle.

27. That all the aforesaid injuries and damages sustained by Plaintiff have caused him to suffer great physical pain and mental anguish.

3

6. Claumar Express, Inc. was a trucking company that contracted with Dunavant Trans Gulf Transportation, LLC; Dunavant Sea Lane Express, LLC.

7. Elido Garcia was an owner operator/employee of Claumar Express, Inc., a trucking company.

8. Elido Garcia and Claumar Express, Inc. had an occupational accident policy that provided benefits for occupational and non-occupational accidents.

## PARTIES

9. Plaintiff ELIDO GARCIA (hereinafter referred to as Plaintiff) is a resident of Iredell County North Carolina.

10. Plaintiff Claumar Express Inc. was a trucking company owned and operated by Plaintiff with its principal office in Mooresville, North Carolina, Iredell County.

11. Defendant OneBeacon Services, LLC is a Minnesota corporation with its principal place of business located at 605 Highway 169 North, Suite 800, Plymouth, MN 55441.

12. Defendant OneBeacon also has a registered agent address located in North Carolina, specifically at 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina, 27608. OneBeacon does and operates business in all 50 states under various names and subsidiaries.

13. Defendant Atlantic Specialty Insurance Company is a licensed insurance company with the State of North Carolina with FEIN number 133362309.

14. Upon information and belief, Atlantic Specialty Insurance Company is not file with the North Carolina Secretary of State and is therefore served via the North Carolina Department of Insurance, care of Mike Causey, NC Insurance Commissioner, located at 1201 Mail Service Center, Raleigh, North Carolina, 27699.

15. Defendant Brentwood Services Administrators, Inc. is the claims administrator for Occupational Accident Policy #216-000-825 (hereinafter 'the policy") issued to Transportation Industry Trust for participating organization TGT Transgulf Transportation, LLC d/b/a Trans Gulf Transportation with a principal of business at 104 Continental Place, # 200, Brentwood, TN 27027.

16. Upon information and belief, Brentwood Services Administrators, Inc. also has a registered agent located in North Carolina, more specifically at 11121 Carmel Commons Blvd., #375, Charlotte North Carolina, 28226.

2

28. That as a result of the aforesaid injuries and damages, Plaintiff has become obligated for the payment of large sums of healthcare provider bills and other healthcare and treatment.

29. That Plaintiff was in no way negligent or contributorily negligent in the September 18, 2014 accident which caused his personal injuries and/or property damage to his vehicle.

30. That North Carolina Farm Bureau Insurance Group made liability settlement payments to Plaintiff.

31. Plaintiff sustained injures and damages to his person in an amount in excess of $25,000.00.

32. That after the accident Defendants knew or should have known that Plaintiff's claims were valid and payable under the Policy.

33. Plaintiff was an employee of Claumar Express Inc., as an owner operator as a truck driver.

34. As a condition of plaintiff's employment with Claumar Express Inc., he was required to carry occupational accident insurance provided by Atlantic Specialty Insurance Company (hereinafter referred to as "Atlantic").

35. Atlantic provided Occupational Accident coverage to Plaintiff under a "occupational accident policy."

36. This policy covered Occupational Accident benefits that might arise should Plaintiff experience an accident while under dispatch.

37. The Occupational Accident policy stated that an injury would be covered if the insured was under dispatch, which the policy defined as when the Insured Person was:

    c. In route to pick up a load,
    d. picking up a load,
    e. in route to deliver a load,
    f. unloading a load,
    g. in route after dropping a load,
    h. waiting for a load if the Insured Person is not at home;
    i. required to perform services by or for a motor carrier; or
    j. performing activities to comply with federal or state laws to satisfy motor carrier or commercial driving requirements.

4

38. This policy excluded "usual travel" to and from work.

39. Plaintiff was not under usual travel to and from work at the time of the accident on September 18, 2014.

40. At the time of the accident on September 18, 2014, Plaintiff was under Dispatch.

41. On September 17, 2014, before Plaintiff left work, Plaintiff was instructed by his dispatch manager, Julio Armas that he was to be given a special assignment.

42. Plaintiff was instructed by his dispatch supervisor that he was to go home and arrive early in the morning to pick up his truck, to pick up a container on the morning of September 18, 2014, and to then load it at Maiden, NC by 10 A.M.

43. Plaintiff's instructions were in the dispatch logbook.

44. Plaintiff's Dispatch orders required him to leave home early to satisfy the obligations of his Dispatch order.

45. Plaintiff signed the dispatch logbook and returned home with his Dispatch orders.

46. Early the next morning, September 18, 2014, Plaintiff left his home and began his Dispatch order.

47. On the morning of September 18, 2014 while on the way to pick up his truck, Plaintiff was involved in an accident on Interstate 77 in Iredell County.

48. This accident occurred while Plaintiff was on dispatch.

49. A logbook from Dunavant Sea Lane Express stated that Plaintiff was under Dispatch.

50. Two separate dispatch supervisors confirmed that Plaintiff was under dispatch at the time that the accident occurred.

51. The assignment of the dispatch was not usual, as it is custom for drivers to go to the job site and receive their dispatch orders before going out on assignment.

52. As a result of this accident, Plaintiff sustained injuries.

53. These injuries continue to plague Plaintiff.

54. Plaintiff lost wages and/or profits and incurred numerous medical bills.

5

55.     Plaintiff has sought, on many different occasions, to recover based on the occupational accident insurance policy.

56.     Defendants have continuously denied Plaintiff's requests to resolve this matter by denying coverage.

57.     This continued denial of Plaintiff's requests has caused Plaintiff undue delay in recovering benefits meant to help him and has caused him severe distress.

58.     The terms of the occupational accident policy are ambiguous.

59.     Plaintiff's policy does not explicitly state the accident is non-occupational if Plaintiff is in his personal vehicle.

## FIRST CAUSE OF ACTION

### Violation of North Carolina's Unfair and Deceptive Trade Practices Act

60.     Paragraphs 1 through 59 are adopted and incorporated herein as reference.

61.     That the sale and servicing of general lines of insurance by the Defendant to citizens of North Carolina and to this Plaintiff in particular constitute "commerce" and that term is defined by North Carolina Gen. Stat. § 75-1.1 *et seq* and North Carolina Gen. Stat. § 58-63-15 (11), unfair settlement practices.

62.     That the acts and conduct on part of the Defendants as recited herein constitute unfair and deceptive trade practices and any other parts of NC Gen. Stat. § 75-1.1 *et seq* and NC Gen Stat in that:
  k.     The Defendant failed to fairly and efficiently adjust the loss suffer by Plaintiff under the referenced policy.
  l.     The Defendant intentionally failed to follow appropriate standards of the insurance industry in adjusting the referenced loss and responding to the claim for damages asserted by Plaintiff.

63.     Defendants violation of Gen. Stat. § 58-6-15 (11) is a per se violation of Gen. Stat. §75-1.1.

64.     Defendants conduct of denying Plaintiff's claim where documents, employees and an email stated that Plaintiff was under Dispatch to avoid coverage and failing to effect prompt and reasonable settlement of Plaintiff's claim, requiring him to institute litigation constitutes unfair claim settlement practices in violation of one or more the subparts of NC Gen. Stat. § 58-63-15 (11).

6

65.     In addition Defendants' conduct is a specific and distinct violation of NC Gen. Stat. § 75-1.1 in that it acts was immoral, oppressive, unscrupulous, and substantially injurious to Plaintiffs.

66.     Defendants' conduct amounted to an inequitable assertion of its power and position over Plaintiff's under the circumstances.

67.     Pursuant to NC Gen. Stat. § 75-16, Plaintiffs are entitled to treble damages.

68.     Pursuant to NC Gen. Stat. § 75-16 Plaintiffs are entitled to an award of reasonable attorney's fees.

69.     That these and other acts of the Defendants, through its agents and employees, constitute an unfair and deceptive trade practice and Plaintiffs are entitled to recover exemplary and such other relief as authorized by statute.

70.     Plaintiffs' claim have become relatively clear, as it can be shown that Plaintiff Elido Garcia was under Dispatch and therefore should be compensated under the insurance policy.

71.     As Plaintiff was under dispatch, as he was in route to pick up a load, Defendant's continued denials to honor the Policy is a clear violation of the Policy and a clear violation of North Carolina law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against defendant as follows:

    A.    Judgment in favor of Plaintiff and against Defendant for Unfair and Deceptive Trade Practices Act in amount to be determined by the Court at the trial of this matter for a sum in excess of Twenty Five Thousand Dollars ($25,000.00);

    B.    Plaintiff demands a trial by jury on all issues so triable;

    C.    That the costs of this action be taxed against Defendant, including an award of attorney's fees to Plaintiff's counsel, and accrued interest pursuant to N. C. Gen. Stat § 75-16.1 and § 1D-45; and

    D.    For such other further relief as the Court may deem just and proper.

THIS 18th day of September 2018

                                                **THE LAW OFFICE OF JAVÁ WARREN**

                                                Javá Q. Warren
                                                State Bar Number: 30296
                                                4919 Albemarle Road, Ste. 106
                                                Charlotte, North Carolina, 28205
                                                (T) 704-568-8439
                                                (F) 704-568-8499
                                                Email: warr2131@bellsouth.net
                                                *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing *Plaintiff's General Action Cover Sheets, Summonses and Complaint* have been properly filed with the Iredell County Clerk of Court via *hand delivery* this the 18th day of September 2018 at the following address:

Iredell County Clerk of Superior Court
226 Stockton Street
Statesville, North Carolina 28677

THE LAW OFFICE OF JAVÁ WARREN

Javá O. Warren
State Bar Number: 30296
4919 Albemarle Road, Ste. 106
Charlotte, North Carolina, 28205
(T) 704-568-8439
(F) 704-568-8499
Email: warr2131@bellsouth.net
*Attorney for Plaintiff*

9

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the above and foregoing filed documents *Plaintiff's Civil Action Coversheet, Summons, Alias and Pluries Summons, and Complaint*, were mailed via U.S. Postal Services Certified Mail with Return Receipt Requested at the following address:

OneBeacon Services, LLC
C/o Corporation Service Company
2626 Glenwood Avenue, Suite 500
Raleigh, NC 27608

On this the  6  day of March 2019.

THE LAW OFFICE OF JAVÁ O. WARREN

Java O. Warren, Esq.
State Bar No. 30692
4919 Albemarle Rd., Suite 106
Charlotte, North Carolina 28205
(704) 568-8439) (P)
(704) 568-8499 (F)
warr2131@bellsouth.net

*Counsel for Plaintiff*

Law Offices of Javá O. Warren
4919 Albemarle Rd., Suite 106
Charlotte, NC 28205

7017 3040 0000 6653 5254







OneBeacon Services, LLC
c/o Registered Agent: Corporation Service Company
2626 Glenwood Ave., Suite 500
Raleigh, NC 27608